UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN MITNICK, *as assignee for the benefit of creditors of A.E. Seafood Distributions, Inc. d/b/a Oceanline Seafood*,<br><br>Plaintiff,<br><br>v.<br><br>MARK FOODS, INC., NORTHERN WIND, INC., OCEAN EDGE FOODS, OCEAN GARDEN PRODUCTS, INC., PRIME SEAFOOD IMPORTS, ROYAL HUNAN SEAFOOD CORP., SEA LION INTERNATIONAL, INC., and SEAQUEST SEAFOOD CORP.,<br><br>Defendants. | Civil Action No.<br><br>17-13186 (SDW) (LDW)<br><br>**REPORT AND RECOMMENDATION** |

## **LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is plaintiff's motion to remand this matter to the Superior Court of New Jersey pursuant to 28 U.S.C. §§ 1446 and 1447 and for attorney's fees. ECF No. 6. Defendants oppose the motion. ECF No. 9. United States District Susan D. Wigenton referred this motion to the undersigned for a Report and Recommendation. This matter has been decided without oral argument pursuant to Federal Rule of Civil Procedure 78. Having considered the parties' submissions, for the reasons set forth herein, this Court recommends that the motion to remand be **GRANTED.**

### I. BACKGROUND

Plaintiff brings this action in his capacity as Assignee for the Benefit of Creditors of A.E. Seafood Distributors, Inc. d/b/a Oceanline Seafood ("Oceanline Seafood") pursuant to N.J.S.A.

§ 2A:19-3 to recover allegedly preferential transfers. Plaintiff was designated Assignee for the Benefit of Creditors of Oceanline Seafood by execution of a Deed of Assignment on May 12, 2017. ECF No. 2-1 ¶ 1. Pursuant to N.J.S.A. § 2A:19-3, any preferential transfer of property from an insolvent person within four months of that person making a general assignment shall be void. The Complaint alleges Oceanline Seafood made a number of payments to defendants in this matter within the four months prior to filing the Deed of Assignment, with the intent to prefer those creditors. Plaintiff, therefore, seeks relief to avoid the conveyance of those transfers and an entry of judgment in favor of the Assignee against the defendants.

Plaintiff filed this action in the Superior Court of New Jersey, Law Division, Union County, in October 2017 against twenty-eight defendants. Of the twenty-eight named defendants, only a subset of eight defendants filed a Notice of Removal in this Court in December 2017, claiming federal question jurisdiction, 28 U.S.C. § 1331.[1] ECF Nos. 2, 2-1. In other words, the entire action was not removed to this Court and the Notice of Removal effectively split this matter, leaving twenty defendants with this Complaint pending before them in the Superior Court of New Jersey. *See* ECF No. 6 at 6. Defendants admit that twelve of the twenty non-removing defendants were served before the Notice of Removal was filed. *See* ECF No. 9 at 6.

Plaintiff moves to remand this action to the Superior Court of New Jersey for failure to obtain consent of all served defendants and for lack of subject matter jurisdiction. ECF No. 6. Defendants oppose the motion. ECF No. 9.

---

[1] The Court notes the Notice of Removal may not have been timely. Plaintiff does not assert this as a basis for remand, however, and "a case may not be remanded for failure to comply with the 30-day time limit absent a timely motion." *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 614 (3d Cir. 2003).

2

## II. REMOVAL

### A. LEGAL STANDARD

By statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1446, governing the procedure for removal of civil actions requires, *inter alia*, that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). In other words, the rule of unanimity requires that when there is more than one defendant in an action, all properly joined and served defendants must consent to removal. *See Di Loreto v. Costigan*, 351 F. App'x 747, 752 (3d Cir. 2009).[2]

### B. DISCUSSION

Plaintiff moves to remand for defendants' failure to obtain the consent of all served defendants pursuant to 28 U.S.C. §§ 1446 and 1447 and for lack of subject matter jurisdiction.[3]

The Court recommends that the District Court find the Notice of Removal is improper because removal requires that an *entire action* be removed, and not merely the claims against a subset of defendants, and because the removal violates the rule of unanimity. In fact, because not

---

[2] Certain limited exceptions apply where: (1) a non-joining defendant is an unknown or nominal party; (2) a defendant has been fraudulently joined; or (3) a non-resident defendant has not been served at the time the removing defendants filed their petition. *Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995); *Zelma v. Toyota Fin. Servs. Ams. Corp.*, Civ. No. 13-2698 (ES) (JAD), 2013 U.S. Dist. LEXIS 180760, at *8 (D.N.J. Oct. 1, 2013).

[3] Because the Court will not reach the merits of this case, we need not address whether subject matter jurisdiction exists. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 ("[J]urisdiction is vital only if the court proposes to issue a judgment on the merits.") (quoting *Intec USA v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006)); *Gonzalez Cifuentes v. INS*, 253 F. App'x 173, 175 n.2 (3d Cir. 2007).

3

all defendants sought to remove, the action below apparently remains pending in the State Court. Section 1441(a) provides that "any *civil action* brought in a State court . . . may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a) (emphasis added). The statute governing removal procedure requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action," 28 U.S.C.A. § 1446(b)(2)(A), and that

> [p]romptly after the filing of such notice of removal of a civil action the defendant or defendants . . . shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C.A. § 1446(d). Pursuant to statute, defendants may remove only the entire action before this Court rather than a subset of the case, and in doing so defendants must remove the civil action from State court which shall "proceed no further unless and until the case is remanded." *Id.* Defendants may not leave a subset of defendants before the State court to proceed with the action there, as was done here.

Further, as stated above, the rule of unanimity requires that all properly served defendants consent to removal. 28 U.S.C. § 1446(b)(2)(A). Defendants here do not dispute that they have not obtained consent of all served defendants to remove the action. *See* ECF No. 2 at 3; ECF No. 9 at 6. Defendants argue, rather, that the non-consenting defendants were not required to consent to removal because "the claims against them are transactionally unrelated to the claims against the removing Defendants." ECF No. 2 at 3. Defendants cite no relevant case law to support this proposition. Defendants first cite *Lewis v. Time*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), which addressed an exception to the rule of unanimity, fraudulent joinder. Defendants do not assert that any exception to the rule is applicable in this matter, nor do they allege any defendants have been fraudulently joined.

4

Defendants further rely on *Crier v. Zimmer*, 565 F. Supp. 1000, 1003 (E.D. La. 1983), which involved two separately filed cases that had been consolidated for trial. In that case, a defendant from one case sought to remove her individual suit, while the defendants from the other suit did not consent to removal.[4] There, the Court found that "[r]emovability depends to a great extent on how plaintiff draws his pleadings. While the two suits filed by plaintiff arise out of a single occurrence, there is nothing to preclude independent, separate trials of the suits." *Crier, Inc.*, 565 F. Supp. at 1001. The Court held that it "should not recast the plaintiff's original pleadings which presented no barriers to the removal." *Id.* The Court finds this case inapplicable, as that procedural posture is not before this Court. Here, plaintiff chose to assert a *single* complaint against multiple defendants, all of whom must consent to removal. While plaintiff "could have filed separate actions against each defendant," as defendants would have preferred, *see* ECF No. 9 at 5, he did not, and it is well-established that a plaintiff is the master of his own complaint. *Frederico v. Home Depot*, 507 F.3d 188, 195 (3d Cir. 2007).

The removal statute is clear. Under the circumstances here, it required that all properly joined and served defendants have consented to removal. Defendants readily admit they did not do so here. Accordingly the Court recommends that plaintiff's motion to remand be **GRANTED.**

### III. ATTORNEY'S FEES

Plaintiff's counsel seeks attorney's fees pursuant to 28 U.S.C. § 1447(c) which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court holds that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the

---

[4] The defendants from the second suit were also not diverse from plaintiff, precluding the exercise of diversity jurisdiction in federal court.

5

removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, while the Court disagrees with defendants' basis for removal, and it is a close call as to whether defendants lacked an objectively reasonable basis, it does not find that defendants' grounds for removal were so completely baseless as to justify a fee award against them. Accordingly, the Court recommends plaintiff's request for attorney's fees be **DENIED.**

## IV. CONCLUSION

For the reasons stated above, this Court respectfully recommends that plaintiff's motion to remand this action to the Superior Court of New Jersey be **GRANTED** and plaintiff's request for attorney's fees be **DENIED.**

Dated: April 30, 2018.

**Leda Dunn Wettre**
**United States Magistrate Judge**

Original:   Clerk of the Court
cc:         Hon. Susan D. Wigenton, U.S.D.J.
            All Parties